**STINSON LLP**
1144 Fifteenth St., Suite 2400
Denver, CO 80202
Tel: 303.376.8400
Zane A. Gilmer, Atty. Reg. No. 7-4545
Zane.Gilmer@stinson.com

Patrick A Edwards (Admitted Pro Hac Vice)
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
Tel: 316.265.8800
Patrick.Edwards@stinson.com

David R. Barnard (Admitted Pro Hac Vice)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Tel: 816.842.8600
David.Barnard@stinson.com

Adrianna M. Chavez (Admitted Pro Hac Vice)
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Tel: 602.279.1600
Adrianna.Chavez@stinson.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JORNS & ASSOCIATES LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-247-KHR |
| WCMS MEDIA LLC and JESS E. ROGERS, SR., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JORNS & ASSOCIATES LLC'S COMBINED MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS COUNTERCLAIM**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................................................1
BACKGROUND .................................................................................................................................2
LEGAL STANDARD..........................................................................................................................2
ARGUMENT ......................................................................................................................................4
    I.    Certain Allegations in Defendants' Counterclaim Should Be Stricken.........................4
        A.    The allegations about alleged misuse of MAPS should be stricken because they are not relevant to Defendants' counterclaims, are vague to the point that they are misleading, and are immaterial and scandalous. .............................5
        B.    The narrative in the "Overview" and allegations regarding events other than those at issue in this case under "The Purge" should be stricken. ................9
    II.    Count III Must Be Dismissed because Defendants Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing. ..........................................10
CONCLUSION.................................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................4

*Baker v. City of Loveland*,
  686 F. App'x 619 (10th Cir. 2017) ........................................................................10

*Baldwin v. Harper*,
  Case No. 20-CV-0160-SWS, 2021 WL 7208651 (D. Wyo. July 30, 2021) ..........6, 7

*Bear Peak Res., LLC v. Peak Power River Res., LLC*,
  403 P.3d 1033 (Wyo. 2017) ........................................................................10, 11, 12

*Connell v. Nat'l Outdoor Leadership Sch.*,
  Case No. 19-CV-105-R, 2020 WL 13049356 (D. Wyo. Apr. 27, 2020) ...............3, 4

*Doyle v. Cella*,
  318 F. App'x 644 (10th Cir. 2009) ........................................................................3, 8

*Farlow v. Peat, Marwick, Mitchell & Co.*,
  956 F.2d 982 (10th Cir. 1992) ..................................................................................6

*Frey v. Town of Jackson, Wyoming*,
  41 F.4th 1223 (10th Cir. 2022) ..................................................................................4

*Gillespie v. Mutual of Enumclaw Insurance Co.*,
  2023 WL 2665724 (D. Utah Mar. 28, 2023) .............................................................5

*Hindleman v. Spec. Salesman Mag.*,
  1 F.R.D. 272 (N.D. Ill. 1940) ..................................................................................10

*United States ex rel. Joseph v. Cannon*,
  642 F.2d 1373 (D.C. Cir. 1981) ................................................................................6

*Khalik v. United Air Lines*,
  671 F.3d 1188 (10th Cir. 2012) ..........................................................................4, 11

*Mason v. Clear Creek Cty. Sherriff*,
  2014 WL 6790027 (D. Colo. Dec. 2, 2014) ..............................................................3

*McKinney v. Granite Peak Fabrication, LLC*,
  Case No. 19-CV-266-ABJ, 2020 WL 10356666 (D. Wyo. Oct. 7, 2020) ...............10

CORE/3524632.0011/189136374.1

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. J. Ctr.*,
  492 F.3d 1158 (10th Cir. 2007) ...............................................................................3, 8

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988)............................................................................................3

*Scherer Const., LLC v. Hedquist Const., Inc.*,
  18 P.3d 645 ............................................................................................................10, 11

*U.S. ex rel. Schwartz v. Coastal Healthcare Group, Inc.*,
  232 F.3d 902 (10th Cir. 2000) .....................................................................................7

*Sierra Club v. Young Life Campaign, Inc.*,
  176 F. Supp. 2d 1070 (D. Colo. 2001)..........................................................................3

*Skyco Res., LLP v. Family Tree Corp.*,
  512 P.3d 11 (Wyo. 2022).......................................................................................10, 11

## Other Authorities

Fed. R. Civ. P. 8.................................................................................................2, 3, 10

Fed. R. Civ. P. 9........................................................................................................6, 7

Fed. R. Civ. P. 12....................................................................................................3, 4, 7

Fed. R. Evid. 401 ..........................................................................................................9

Restatement (Second) of Contracts § 205.................................................................10

CORE/3524632.0011/189136374.1

Plaintiff Jorns & Associates LLC ("Plaintiff" or "Jorns") hereby moves for an order striking certain allegations in Defendants WCMS Media LLC and Jess E. Rogers, Sr.'s (collectively, "Defendants") Amended Answer and Counterclaim ("Am. Countercl.") (ECF No. 36) and dismissing Count III for failure to state a claim. In support of its Motion, Plaintiff submits the following Memorandum in Support.

**INTRODUCTION**

Defendants set forth the following claims against Plaintiff in their Amended Counterclaim: (I) Conversion/Misappropriation of Property/Constructive Trust; (II) Breach of Contract; and (III) Breach of the Covenants of Good Faith and Fair Dealing. Am. Countercl. at 17-18. Notwithstanding that these are Defendants' only asserted claims, Defendants' Amended Counterclaim begins with an "Overview": a two-page stream-of-consciousness narrative consisting of irrelevant allegations and purported "facts," including that Defendant Rogers is "a mathematical savant with a rare gift" and unfounded claims regarding Jorns' claims' processing practices and security. *Id.* at 2-4. Defendants' Amended Counterclaim further includes numerous paragraphs which address a myriad of topics and make vague, unfounded allegations of fraud that are entirely unrelated to the claims pled therein. *Id.* ¶¶ 69-87, 89-90.

These unnecessary accusations and allegations are plainly designed to scandalize and harass Plaintiff, as opposed to support Defendants' pled claims. Not only do these immaterial allegations serve to confuse the issues in this case, they cause substantial harm to Jorns and expose it to unnecessary legal liabilities. The Court should strike the inflammatory and immaterial allegations from Defendants' Amended Counterclaim.

The Court should further dismiss Count III because Defendants cannot state a claim for breach of the covenant of good faith and fair dealing. The Amended Counterclaim lacks essential elements required by Wyoming law to state a claim for the covenant of good faith and fair dealing

and is devoid of sufficient facts to demonstrate how Jorns' alleged actions constituting a breach of the covenant arise from the parties' contract, or how, even if true, such actions impaired Defendants' ability to perform any obligations under the contract.

## BACKGROUND

This lawsuit surrounds Jorns' ownership of and ability to use custom software. Jorns paid Defendants a total of approximately $1,588,614.92 from May 23, 2022 to December 29, 2023 to develop this custom software and provide support and updates. ECF No. 27, ¶ 67. Jorns filed this lawsuit to establish its ownership rights in the software, have its Confidential Information and other property that Defendants are improperly withholding returned, and for damages resulting from Defendants' actions with respect to their contracts with Jorns and the software. *See generally* ECF No. 27 (First Amended Complaint) and ¶¶ 63-102. At its core, Defendants allege in their Amended Counterclaim that: (i) Jorns misappropriated Defendants' intellectual property by continuing to use and claim ownership of the software without required payment; (ii) breached a Consulting Agreement it entered into with Defendant Jess Rogers by continuing to use the MAPS software without permission and without paying Rogers money allegedly owed under the agreement; and (iii) breached the covenant of good faith and fair dealing allegedly owed to Rogers and WCMS pursuant to the Consulting Agreement. Am. Countercl. ¶¶ 94-109. Defendants are seeking compensatory damages, punitive damages, attorneys' fees, and for imposition of a constructive trust to hold Jorns' proceeds from using the software. *Id.* at 17-18.

## LEGAL STANDARD

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The overarching purpose of Rule 8 is to give the opposing party a fair opportunity to respond to relevant allegations which support the claims being asserted. Argumentative, inflammatory, and wide-ranging allegations do

2

not satisfy Rule 8 and place an unjustified burden on the Court and on the opposing party. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

In the event that a pleading fails to comply with Rule 8 or any other applicable Federal Rule, the Court may exercise discretion to strike pleadings that are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). The Rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). While courts generally disfavor motions to strike pleadings, the court will grant a motion to strike where the challenged allegations are proscribed by Rule 12(f) and that prejudice will result if the material remains in the pleading. *Connell v. Nat'l Outdoor Leadership Sch.*, Case No. 19-CV-105-R, 2020 WL 13049356, at *8 (D. Wyo. Apr. 27, 2020). It is proper to strike allegations from a meandering pleading that allude to events other than those at issue in the case before the Court. *Doyle v. Cella*, 318 F. App'x 644, 646 (10th Cir. 2009).

Additionally, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. J. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Mason v. Clear Creek Cty. Sherriff*, 2014 WL 6790027, at *2 (D. Colo. Dec. 2, 2014).

To satisfy this pleading standard, and therefore survive a Rule 12(b)(6) motion, a counterclaim must contain enough allegations of fact "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (same). In determining whether a counterclaim meets this standard, courts take well-pleaded facts as true and view them in the light most favorable to the counterclaimant. *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1232 (10th Cir. 2022). A plausible claim, however, must include facts from which a court may reasonably infer the defendant's liability. *Id.* Thus, a counterclaimant must nudge their claims across the line from conceivable or speculative to plausible. *Id.* Allegations that are "merely consistent with 'a defendant's liability' stop short of that line." *Id.* at 1232-33. (quotations omitted). Further, "labels," "conclusions," "formulaic recitations of the elements of a cause of action," and naked assertions will not suffice. *Id.* at 1233. When considering a motion to dismiss under Rule 12(b)(6), the Court may not consider matters outside of the complaint. *Miller*, 948 F.2d at 1566.

**ARGUMENT**

**I.      Certain Allegations in Defendants' Counterclaim Should Be Stricken.**

Several allegations in Defendants' Counterclaim must be stricken due to their immateriality and prejudicial harm to Plaintiff. A motion to strike may be granted if the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. *Connell*, 2020 WL 13049356, at *8. Information is "immaterial" if it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984). Information is "impertinent" if it consists "of statements that do not pertain, and are not necessary, to the issue in question." *Id.*

### A. The allegations about alleged misuse of MAPS should be stricken because they are not relevant to Defendants' counterclaims, are vague to the point that they are misleading, and are immaterial and scandalous.

Defendants' Counterclaim includes several immaterial and scandalous allegations about individuals not involved in this lawsuit and issues that are immaterial to the basis of Defendants' claims and lack any logical relevance to either parties' claims or defenses. Specifically, Defendants assert in a section titled '*Jorns' Misuse of MAPS*" that Plaintiff improperly used the MAPS software to submit inaccurate or inflated claims. Counterclaim ¶¶ 69-87. However, these allegations are immaterial and serve no substantive purpose other than to be scandalous. *Gillespie v. Mutual of Enumclaw Insurance Co.*, 2023 WL 2665724, at *2 (D. Utah Mar. 28, 2023) (striking allegations regarding insurance company's practices and procedures as 'immaterial' to the pleading because they bore "no essential or important relationship to the claim for relief or the defenses being plead."). Even assuming Plaintiff did indeed use the software to overinflate claims (which it did not), such actions would have no bearing on Defendants' ability to fulfill their obligations under the alleged agreement, nor would it negatively affect their entitlement to benefits under said agreement. Additionally, these allegations carry scandalous implications, insinuating fraudulent behavior and submissions to the Internal Revenue Service ("IRS"). Given that pleadings are part of the public record, Defendants' allegations degrade the moral character of Plaintiff publicly and expose it to unnecessary legal liabilities that are unrelated to Defendants' claims in this lawsuit.

Defendants' Counterclaim contains a particularly scandalous allegation about a "serious case of fraud" committed by a Jorns contractor. According to Defendants, "On December 29, 2022, Mrs. Rogers-Cole and contractor Tyler Rush told Mr. Doty and other top managers of a serious case of fraud by a Jorns contractor." Am. Countercl. ¶ 73. Tellingly, this allegation does not identify what the alleged fraud was or even who was allegedly defrauded. Defendants intentionally

failed to note that the contractor defrauded Jorns, not the IRS or Jorns' customers, by submitting invoices to Jorns with inaccurate claim completion dates in order to receive bonuses for claims completed outside bonus eligibility periods. Defendants buried this allegation of a fraud that was committed against Jorns among other (irrelevant) and equally vague allegations of "overfiled" Employee Retention Tax Credit ("ERTC") claims submitted to the IRS, leading to the implication that Jorns committed fraud by submitting inflated claims to the IRS when it has not.

Defendants' bare allegations of fraud and misuse of the software lack crucial details defendants facing claims of fraud are entitled to, such as the identity of the victim or the specific fraudulent activity that occurred. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Rule 9(b) safeguards defendant's reputation and good will from improvident charges of wrongdoing . . . and it serves to inhibit the institution of strike suits . . . , both salutary purposes" of the rule that courts "rigorously enforce." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992); s*ee also United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (stating the purpose of Rule 9(b) is to "discourage the initiation of suits brought solely for their nuisance value . . . , safeguard potential defendants from frivolous accusations of moral turpitude . . . and guarantee all defendants sufficient information to allow for preparation of a response." (cleaned up)); *Baldwin v. Harper*, Case No. 20-CV-0160-SWS, 2021 WL 7208651, at *5 (D. Wyo. July 30, 2021) ("The purpose of Rule 9(b) is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based.").

CORE/3524632.0011/189136374.1

While it is not clear from the vague nature of Defendants' puzzle pleadings that they are asserting a fraud claim subject to Rule 9(b), the purpose underlying the rule applies here.[1] Intentionally vague to the point of being misleading, Defendants' defamatory and immaterial statements are scandalous as they carry significant detrimental implications for Plaintiff's business and reputation.

For instance, Defendants make the following allegations:

69. Jorns didn't use MAPS properly. The result was often inflated reimbursement claims and larger fees for Jorns.

71. Even when an audit disclosed that calculations were wrong, Jorns would sometimes file the ERTC claim without correcting the data.

73. On December 29, 2022, Mrs. Rogers-Cole and contractor Tyler Rush told Mr. Doty and other top managers of a serious case of fraud by a Jorns contractor.

74. On January 3, 2023, Ms. Rogers-Cole identified another Jorns contractor whose work necessitated an immediate audit.

---

[1] To the extent Defendants' Amended Counterclaim purports to plead a claim for fraud, or based on alleged fraud, it fails Rule 9(b)'s particularity requirement and should be dismissed. *Baldwin*, 2021 WL 7208651, at **5-6. To begin, the Amended Counterclaim lacks any allegations or factual support regarding misrepresentations made by Jorns to Defendants, inducement, justifiable reliance, or a relationship of trust and confidence between Plaintiff and Defendants, and the allegations regarding the substance or timing of any alleged misrepresentation or omission constituting fraud by Jorns are entirely inadequate. *Id.* Several paragraphs nebulously allege that Jorns was made aware of employees' or contractors' work necessitating "audits" on certain dates, but nowhere does the Amended Counterclaim allege a start date or inclusive dates of the alleged fraud, or any date that Jorns made such misrepresentation or omission. It also fails to identify with specificity who precisely was involved in the fraudulent activity. It refers generally to "management," "contractors" and provides some names without ever explaining the role these individuals played in the alleged fraud. Defendants' allegations that Jorns submitted "overfililings" is a serious allegation, opening Jorns to potential liability. But the imprecision in Defendants' pleading fails to give Jorns sufficient information to answer the Amended Counterclaim to satisfy Rule 9(b). To the extent it purports to plead a claim sounding in fraud, it should be dismissed. *U.S. ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 232 F.3d 902 (10th Cir. 2000) (noting that "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)" and affirming dismissal of a complaint with similarly vague and general allegations that failed to meet Rule 9(b)'s pleading requirements).

> 77. On June 14, 2023, a Jorns contractor was discovered to have misused MAPS necessitating yet another large audit.

These allegations are vague, misleading, and wholly irrelevant to Defendants' claims. Paragraph 69 broadly asserts that Plaintiff "improperly" used the MAPS software, yet fails to elucidate the specific nature of the alleged misuse. Who misused it? How did they misuse it? *See Nasious*, 492 F.3d at 1163; *Doyle*, 318 F. App'x at 646. In Paragraph 71, Defendants refer to an audit and an ERTC claim without specifying the particular audit(s), individual(s), or claim(s) involved. Jorns has literally processed thousands of ERTC claims. Am. Countercl. ¶ 71. Such claims can be audited for any number of reasons, whether by Jorns due to internal claims processing practices, by Jorns' clients prior to or after filing, or by the IRS, sometimes for reasons unrelated to the ERTC filing. Paragraph 70 baldly alleges, "Other audits followed." *Id.* ¶ 70. As discussed, audits regularly occurred for vastly different reasons. What "other audits" are Defendants referring to? Audits conducted by Jorns? By the IRS? By Jorns' customers? Without more information, Jorns cannot possibly admit or deny these allegations. The remaining allegations regarding alleged misuse of MAPS are likewise immaterial and suffer from the same vague allegations and muddied facts. *See, e.g.*, Counterclaim ¶ 77 ("On June 14, 2023, a Jorns contractor was discovered to have misused MAPS necessitating yet another large audit."). They have no bearing on the claims and defenses asserted by Defendants.

By virtue of vague and immaterial allegations regarding "misuse," "shortcuts," "fraud," and non-specific references to audits and individual ERTC claims, and given Defendants' blatant gamesmanship in being intentionally vague to the point of misleading, the allegations are not specific enough to give Jorns notice to the particular misconduct which is alleged to have occurred, or purportedly constitutes a fraud, so that Jorns can defend against the charges and not simply deny it has done anything wrong. Not only are they inflammatory and immaterial, Jorns cannot fairly

8

respond to the substance of the allegations in paragraphs 69-87. Whether or not Jorns properly or improperly used MAPS is irrelevant to the inquiry at hand in light of Defendants' pled claims, extremely prejudicial and harmful to Plaintiff, and should be stricken. Defendants' request for punitive damages should likewise be stricken or dismissed, because Defendants have failed to adequately allege claims for fraud or sufficient facts to support a request for punitive damages.

> **B.** **The narrative in the "Overview" and allegations regarding events other than those at issue in this case under "The Purge" should be stricken.**

Additionally, Defendants' section titled '*The Purge*'[2] in paragraphs 89-92[3], regarding Jorns' purported intentions and actions taken with respect to non-parties, are simply impertinent to the claims for conversion/misappropriation of property, breach of contract, and breach of the duty of good faith and fair dealing. The pleaded claims turn on whether or not Jorns owns or is authorized to use the MAPS software and whether or not Jorns owes Defendants money for such use or services rendered under a Consulting Agreement between Jorns and Rogers. The circumstances surrounding the termination of non-parties' employment and independent contracts by Jorns and its subjective "goals" do not factor into that analysis in any way. These paragraphs must also be stricken as they are immaterial. The allegations in paragraphs 69-87[4] and 89-92 have no tendency to make any fact of consequence to the determination of the action—whether Jorns has a right to use the software without further compensation to Defendants and whether Jorns more or less probable. Fed. R. Evid. 401 (defining relevant evidence).

---

[2] Referring to events surrounding Defendants' termination of non-parties to the complaint as "The Purge" is itself an inflammatory argument that should be stricken.

[3] The sentence in paragraph 89 that "Rogers was shut out of MAPS and Jorns stopped paying him" is excluded from Plaintiff's Motion to Strike.

[4] The sentence in paragraph 89 that "Rogers was shut out of MAPS and Jorns stopped paying him" is excluded from Plaintiff's Motion to Strike.

9

Moreover, each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Defendants failed to obey this requirement and have begun arguing their case in the Counterclaim. *See McKinney v. Granite Peak Fabrication, LLC*, Case No. 19-CV-266-ABJ, 2020 WL 10356666 (D. Wyo. Oct. 7, 2020) (striking paragraphs in a complaint because it was unnecessarily argumentative). Defendants' Amended Answer and Counterclaim include an argumentative, conclusory '*Overview*' section that spans four pages. When a pleading is not short and plain, the Court should strike the immaterial parts. *See Baker v. City of Loveland*, 686 F. App'x 619, 622 (10th Cir. 2017); *Hindleman v. Spec. Salesman Mag.*, 1 F.R.D. 272, 272 (N.D. Ill. 1940) (verbose and argumentative paragraphs in a pleading do not comply with Fed. R. Civ. P. 8 and should be stricken). Accordingly, these allegations in the Defendants' Counterclaim should also be stricken from the record.

II.   **Count III Must Be Dismissed because Defendants Failed to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing.**

Wyoming has adopted the Restatement (Second) of Contracts § 205, which provides that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Skyco Res., LLP v. Family Tree Corp.*, 512 P.3d 11, 24 (Wyo. 2022). "The implied covenant of good faith and fair dealing requires that neither party commit an act that would injure the rights of the other party to receive the benefit of their agreement." *Bear Peak Res., LLC v. Peak Power River Res., LLC*, 403 P.3d 1033, 1053 (Wyo. 2017). A breach of the implied covenant "occurs when a party interferes or fails to cooperate in the other party's performance." *Id.* at 1053-54. "The purpose, intentions, and expectations of the parties should be determined by considering the contract language and the course of dealings between and conduct of the parties." *Id.* Importantly, however, "[t]he covenant of good faith and fair dealing may not . . . be construed to establish new, independent rights or duties not agreed upon by the parties." *Scherer Const., LLC*

*v. Hedquist Const., Inc.*, 18 P.3d 645, 653. Whether there has been a breach of the covenant of good faith and fair dealing is a factual inquiry that focuses on the conduct alleged as constituting the breach within the context of the contract language and what the parties agreed to. *Id.*

Defendants contend that Jorns breached the implied covenant by "(i) misappropriating MAPS, (ii) failing to pay Counterclaimants, (iii) announcing its intention to not make future payments as they come due, (iv) repeatedly making false, defamatory, and unsubstantiated allegations of misconduct against Counterclaimants and their associates, (v) repeatedly bullying, threatening, and harassing Counterclaimants and their associates, (vi) filing a lawsuit of dubious merit and asking this court to bless MAPS' theft, and (vii) negligently, recklessly, knowingly, and/or improperly using MAPS to apply for inflated IRS reimbursements to increase fee revenues." Am. Countercl. ¶ 108. None of these allegations, even if true, could support a claim for breach of good faith and fair dealing. Specifically, none of these allegations establishes any "interference" or "failure to cooperate" on the part of Jorns <u>with Defendants' performance of any of their contractual duties</u>. *See Bear Peaks Res.*, 403 P.3d at 1053.

Even ignoring Defendants' failure to meet the elements of the cause of action by failing to identify interference or failure to cooperate by Jorns, Defendants' factual allegations do not state a plausible claim for a breach of the implied covenant under the controlling law. *See Khalik*, 671 F.3d at 1190. Defendants' Counterclaim does not allege facts sufficient to show how Jorns' alleged activities described above, even if true, impaired Defendants' ability to perform any obligations under the contract. Defendants' Counterclaim does not otherwise demonstrate how the implied obligations underlying the alleged breach arise from the language used in the Consulting Agreement. *See Skyco Resources, LLP v. Family Tree Corp.*, 512 P.3d at 25 ("The implied obligation must arise from the language used [in the contract] or it must be indispensable to

11

effectuate the intention of the parties."); *Bear Peak*, 403 P.3d at 1053-54 ("The covenant of good faith and fair dealing may not, however, be construed to establish new, independent rights or duties not agreed upon by the parties.").

In fact, beyond a conclusory summary that the Consulting Agreement is a "service's agreement that has Rogers 'assisting' with various tasks" and "grants Jorns an exclusive right to use MAPS," Defendants' Amended Counterclaim does not even identify what obligations Jorns owed to Rogers and/or WCMS and vice-versa under the Consulting Agreement. Am. Countercl. ¶ 61. The Consulting Agreement is attached to the pleading as Exhibit A, but WCMS is not a named party to the Consulting Agreement attached as Exhibit A, so the agreement does not identify WCMS's and Jorns' respective obligations owed each other. *See* Doc. 36-1 at 1. WCMS is a named party to the subsequent Addendum because the Addendum incorporates WCMS's Referral Agreement, *see* Amended Countercl. ¶¶ 16, 30, 36, 37, but the Amended Counterclaim does not attach, reference, or cite to the Referral Agreement, the Addendum, or any other contract between Jorns and WCMS. It also does not identify what obligations were owed between WCMS, Rogers, and Jorns. *See generally id*. Nor does it explain what obligations Jorns interfered with or what benefit from the agreement Defendants were supposed to receive but did not. *Id.*

Defendants have failed to state a claim for breach of the covenant because they failed to identify the obligation from which Jorns' purported breach of the covenant arises and any interference or failure to cooperate. Defendants cannot use the covenant of good faith and fair dealing to establish "new, independent rights or duties not agreed upon by the parties." *Bear Peak*, 403 P.3d at 1053-54. By failing to identify the contractual rights and duties from which the alleged breach of the covenant arises, Defendants' claim fails. The Amended Counterclaim fails to set

12

forth sufficient facts to state a plausible claim for breach of the implied covenant of good faith and fair dealing, and thus, Count III must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff Jorns & Associates LLC respectfully requests the Court GRANT its Motion, strike the paragraphs under "Overview" and paragraphs 69-87, 89-90 from the Amended Counterclaim, and dismiss Defendants' claim for Breach of the Covenant of Good Faith and Fair Dealing in Count III for failure to state a claim.

Dated this 6th day of May, 2024.

Respectfully submitted,

By: */s/ Zane A. Gilmer*
    Zane A. Gilmer (Wyoming Bar #7-4545)
    **STINSON LLP**
    1144 Fifteenth Street, Suite 2400
    Denver, Colorado 80202
    Phone: 303-376-8416
    Fax: 303-578-7966
    zane.gilmer@stinson.com

    *Attorneys for Plaintiff Jorns & Associates LLC*

13
CORE/3524632.0011/189136374.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Paula Fleck
Erik J. Adams
HOLLAND & HART LLP
645 S. Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
Facsimile: (307) 739-9744
pfleck@hollandhart.com
ejadams@hollandhart.com

Steven Fried (PHV)
954 Lexington Avenue #1051
New York, NY 10021
(917) 280-2468
sfried@olyverapp.com

ATTORNEYS FOR DEFENDANTS

                                                  By: */s/ Zane A. Gilmer*
                                                    Zane A. Gilmer