**STINSON LLP**
1144 Fifteenth St., Suite 2400
Denver, CO 80202
Tel: 303.376.8400
Zane A. Gilmer, Atty. Reg. No.  7-4545
Zane.Gilmer@stinson.com

Patrick A Edwards (Admitted Pro Hac Vice)
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
Tel: 316.265.8800
Patrick.Edwards@stinson.com

David R. Barnard (Admitted Pro Hac Vice)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Tel: 816.842.8600
David.Barnard@stinson.com

Adrianna M. Chavez (Admitted Pro Hac Vice)
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Tel: 602.279.1600
Adrianna.Chavez@stinson.com

*Attorneys for Plaintiff*
*Jorns & Associates, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| JORNS & ASSOCIATES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-247-KHR |
| | ) | |
| WCMS MEDIA LLC and JESS E. ROGERS, SR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT CASE MANAGEMENT PLAN**

1. The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

1

**Response:** Counsel for Plaintiffs: David Barnard and Adrianna Chavez

Counsel for Defendants: Paula Fleck and Steven Fried

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:** Plaintiff: Jorns & Associates LLC (no parent corporation or entity).

Defendants: Jess Rogers; WCMS, LLC.

3. List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:** There are no related cases pending in any state or federal court.

4. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response:** Plaintiff's statement: This lawsuit surrounds the ownership of and Jorns' ability to use software. Plaintiff Jorns & Associates was founded during the start of the COVID-19 pandemic to assist its clients with applying for and obtaining funds from various COVID-19 economic stimulus packages, with a specific focus on Employee Retention Tax Credits ("ERTC"). Defendant WCMS served as a referral agency, referring clients to Jorns pursuant to a Referral Agreement. In 2021, Jorns identified certain strategies, calculations, and methods for assisting Jorns' clients in obtaining the maximum amount of ERTC credits available while still being in compliance with applicable federal legislation and IRS guidance. To maximize its business model and better assist its ERTC clients, Jorns realized it would be beneficial to automate the calculations. Thereafter, Jorns and Rogers entered into a Consulting Agreement under which Rogers provided services to Jorns to assist with the process to file for ERTC on behalf of Jorns' clients. The parties later executed an Addendum, which attaches the Consulting Agreement and a new Referral

Agreement. Under the Addendum, Rogers and WCMS would develop a tool in Microsoft Excel to automate the computation of ERTC benefits, using algorithms in Microsoft Excel and provide those algorithms in exchange for payment (the "software").

In late 2023, the parties' relationship deteriorated. In December 2023, Rogers' counsel sent Jorns a letter purporting to revoke any license or right to use the software and demanding Jorns discontinue use of Rogers' intellectual property. Rogers subsequently terminated the consulting agreement entered into with Jorns. The issues in this case can be boiled down to who owns the software, whether the other party breached any agreements, and if Jorns does not own it, whether Jorns has the right to use the software.

Jorns asserts claims for Breach of Contract, Anticipatory Breach of Contract, Unjust Enrichment, and Defend Trade Secrets Act Violations. Defendants deny these claims and have asserted counterclaims for Conversion/Misappropriation of Property/Constructive Trust, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and possibly fraud, though unclear from the pleadings. Jorns denies Defendants' allegations and has moved to dismiss Defendants' claim for Breach of the Covenant of Good Faith and Fair Dealing and strike certain allegations that are unrelated to the pled claims and defenses.

<u>Defendants' statement</u>: Jess Rogers created software called MAPS to streamline the laborious process of calculating tax rebates to which employers may be entitled under CoVid area legislation. He gave Jorns use rights to it pursuant to a consulting agreement. The contract didn't transfer ownership to Jorns; Rogers was paid to administer MAPS for Jorns and for his own work processing rebate claims. Rogers has always owned MAPS.

In November 2023, Jorns stole MAPS, not through fraud or artifice, but by physically removing Rogers and his team from being able to access and use it. Rogers was locked out of

MAPS, he and his team were wrongfully terminated, independent contractor agreements were deliberately breached, wages wrongfully withheld, and other efforts taken to bully and intimidate Rogers and his team. Jorns continues to exercise exclusive dominion over MAPS, barring Rogers from accessing it and continuing to profit from the theft. Defendants/Counterclaimants want MAPS back, for any monies accrued by Jorns because of the theft, and for other damages.

Rogers and WCMS are also asking the court to establish a constructive trust consisting of all past and future monies accrued by Jorns from using MAPS. Defendants/Counterclaimants also seek punitive damages.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:** Plaintiff's statement: The Court has subject matter jurisdiction over Plaintiff's claims because it raises a federal question under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b). 28 U.S.C. § 1331.

Defendant's statement: While they contend jurisdiction is based on the Federal diversity statute (28 U.S.C. § 1332), Defendants do not contest jurisdiction.

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** All parties have been served. Defendants have answered the Amended Complaint. Plaintiff filed a Combined Partial Motion to Dismiss and Motion to Strike Defendants' Amended Counterclaims and as such has not answered Defendants' Amended Counterclaims.

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** The parties do not expect to add additional parties to the case or amend the pleadings at this time. Plaintiff adds that it is still trying to understand the nature of Defendants' counterclaims and its combined motion to dismiss and motion to strike is currently pending. Amendments to the pleadings may be necessary depending on how the motion is resolved.

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** Plaintiff has moved to dismiss Count III (Breach of the Covenant of Good Faith and Fair Dealing) and strike certain allegations from Defendants' Amended Counterclaim, and thus believes these partially dispositive issues are appropriate for decision by motion. Defendant maintains it hasn't filed any claims for fraud. The Amended Counterclaim clearly sets forth causes of action for theft/conversion and breach of the Consulting Agreement.

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:** The parties will exchange initial disclosures required by Rule 26(a) on or before May 23, 2024.

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:** Plaintiff's proposed discovery topics include Defendants' written agreements with Jorns; their correspondence with Jorns, including its former contractors and employees; invoices submitted to Jorns and payments by Jorns to Defendants; documents and communications relating to work or services performed for Jorns by Defendants under the Addendum or otherwise; Defendants' documents and communications relating to Jorns' Confidential Information; Defendants' documents and communications relating to development and use of the software at issue; Plaintiff's damages; Defendants' alleged damages; Defendants' claims regarding Jorns' use of the software.

Proportionality of discovery may be an issue, but the outcome of Plaintiff's pending motion to dismiss and strike the counterclaims may resolve any existing proportionality issues.

Discovery of email, text, WhatsApp, Zoom, Google Meet, and Discord messages and other electronically stored information will likely be necessary. Further, fact and expert discovery will be needed regarding development and use of the software at issue, which is used to perform complicated mathematical calculations for ERTC filings within the framework of tax laws and evolving governmental guidelines. There is more than one iteration of the software at issue and it is unclear at this stage whether Jorns has custody of all iterations of the software.

The parties are still in the early stages of gathering information, but counsel have discussed the document management systems they use and identified possible issues that may arise with loading, storing, and producing certain types of electronically stored information. To avoid undue burden and expense, the parties will jointly prepare and submit a plan and proposed order to govern ESI discovery. The parties also discussed governance of confidential information that will or is likely to be exchanged in discovery. The parties will jointly prepare and submit a proposed protective order to govern how such confidential information is handled for the Court's approval.

The parties propose the following discovery limits:

- Requests for Production: each side may serve up to 50 Requests for Production pursuant to Rule 34.

- Interrogatories: each side may serve up to 25 Interrogatories pursuant to Rule 33.

- Requests for Admission: each side may serve up to 25 Requests for Admission (in addition to any requests concerning authentication of documents) pursuant to Rule 36.

- Depositions: each side may take any other party's deposition, plus up to ten non-party depositions, and any experts designated by a party.

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

  a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

  b. A proposed deadline for the completion of fact discovery; and

  c. A proposed date for trial.

**Response:** This case centers around a dispute over ownership and use of software. The damages asserted between the parties in this case are anywhere from a high seven- to low eight-

CORE/3524632.0011/189367817.1

figure number. There are multiple iterations of the software, a dispute over which parties materially contributed to development of the software and the parties anticipate considerable discovery into issues of software development and use. As of this time, the parties have identified at least 18 possible witnesses. This number may change once the parties exchange Rule 26(a) Initial Disclosures. Due to the nature of the issues in the case and probable number of fact and expert witnesses, and the damages claimed by defendants Plaintiff expect needing more time than the presumptive nine (9) months to complete discovery and prepare for dispositive motions and motions *in limine* prior to trial.

Plaintiff believes this case is complex pursuant to Local Rule 16.4(b).

Accordingly, the parties propose the following dates, with the understanding that after Initial Disclosures are exchanged, they may have more information regarding the scope of witnesses and issues in this case:

a. Deadlines for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): Party with the burden of proof expert disclosures: **August 29, 2025 (Plaintiff), February 1, 2025 (Defendant)**. Responsive expert reports: **September 29, 2025 (Plaintiff), March 1, 2025 (Defendant)**. Reply expert reports: **October 14, 2025 (Plaintiff), March 21, 2024 (Defendant)**.

b. Deadline for the completion of fact discovery: **August 29, 2025 (Plaintiff), March 21, 2025 (Defendant)**.

c. Trial date: **July 2026 (Plaintiff), May 2025 (Defendant)**.

12. Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:** Defendants/Counterclaimants allege that Jorns stole MAPS and continues to use it without permission and for its own pecuniary gain. They contend that the issue of who owns MAPS is straightforward and easily determinable well within the presumptive nine-month period. The bulk of discovery will focus on damages; i.e., how much Jorns earned after misappropriating MAPS that should be disgorged.

13. The estimated length of trial and any suggestions for shortening the trial.

**Response:** The parties expect that 5 days of trial will be needed. This will be a bench trial.

14. The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:** Plaintiff's response: Poor.

Defendant's response: Defendants/Counterclaimants prefer transactions to trials and are prepared to settle on reasonable terms based on the facts of the case.

15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** None.

/s/ Zane A. Gilmer
Counsel for Plaintiff(s)				Date: May 13, 2024


/s/ Steven Fried
Counsel for Defendant(s)			Date: May 13, 2024


Respectfully submitted this 13th day of May, 2024.

By: */s/Zane A. Gilmer*
Zane A. Gilmer (Wyoming Bar #7-4545)
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, Colorado 80202
Phone: 303-376-8416
Fax: 303-578-7966
zane.gilmer@stinson.com

*Attorneys for Plaintiff Jorns & Associates LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Paula Fleck
Erik J. Adams
HOLLAND & HART LLP
645 S. Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
Facsimile: (307) 739-9744
pfleck@hollandhart.com
ejadams@hollandhart.com

Steven Fried (PHV)
954 Lexington Avenue #1051
New York, NY 10021
(917) 280-2468
sfried@olyverapp.com

ATTORNEYS FOR DEFENDANTS

By: */s/ Zane A. Gilmer*
Zane A. Gilmer
