

**FILED**

1:32 pm, 5/16/24

**Margaret Botkins
Clerk of Court**

United States District Court

For The District of Wyoming

JORNS & ASSOCIATES LLC,

        Plaintiff,

vs.

WCMS MEDIA LLC and JESS E. ROGERS, SR.,

        Defendants.

Case No. 23-CV-247-R

## ORDER ON INITIAL PRETRIAL CONFERENCE

On May 16, 2024, an initial pretrial conference was held in this matter before the Honorable Kelly H. Rankin, United States District Judge for the District of Wyoming. Counsel participating were Adrianna Chavez and Zane Gilmer for Plaintiff, with Paula Fleck and Steven Fried appearing for Defendants. After hearing from the parties, the Court set forth the following trial schedule.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Claims and Defenses —**

*Plaintiff*:  This lawsuit surrounds the ownership of and Jorns' ability to use software. Plaintiff Jorns & Associates was founded during the start of the COVID-19 pandemic to assist its clients with applying for and obtaining funds from various COVID-19 economic stimulus packages, with a specific focus on Employee Retention Tax Credits ("ERTC"). Defendant WCMS served as a referral agency, referring clients to Jorns pursuant to a Referral Agreement. In 2021, Jorns identified certain strategies, calculations, and methods for assisting Jorns' clients in obtaining the maximum amount of ERTC credits available while still being in compliance with applicable federal legislation and IRS guidance. To maximize its business model and better assist its ERTC clients, Jorns realized it would be beneficial to automate the calculations. Thereafter, Jorns and Rogers entered into a Consulting Agreement under which Rogers provided services to Jorns to assist with the process to file for ERTC on behalf of Jorns' clients. The parties later executed an Addendum, which attaches the Consulting Agreement and a new Referral Agreement. Under the Addendum, Rogers and WCMS would develop a tool in Microsoft Excel to automate the computation of ERTC benefits, using algorithms in Microsoft Excel and provide those algorithms in exchange for payment (the "software").

 In late 2023, the parties' relationship deteriorated. In December 2023, Rogers' counsel sent Jorns a letter purporting to revoke any license or right to use the software and demanding Jorns discontinue use of Rogers' intellectual property. Rogers subsequently terminated the consulting agreement entered into with Jorns. The issues in this case can be

boiled down to who owns the software, whether the other party breached any agreements, and if Jorns does not own it, whether Jorns has the right to use the software.

Jorns asserts claims for Breach of Contract, Anticipatory Breach of Contract, Unjust Enrichment, and Defend Trade Secrets Act Violations. Defendants deny these claims and have asserted counterclaims for Conversion/Misappropriation of Property/Constructive Trust, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and possibly fraud, though unclear from the pleadings. Jorns denies Defendants' allegations and has moved to dismiss Defendants' claim for Breach of the Covenant of Good Faith and Fair Dealing and strike certain allegations that are unrelated to the pled claims and defenses.

*Defendants*:  Jess Rogers created software called MAPS to streamline the laborious process of calculating tax rebates to which employers may be entitled under CoVid area legislation. He gave Jorns use rights to it pursuant to a consulting agreement. The contract didn't transfer ownership to Jorns; Rogers was paid to administer MAPS for Jorns and for his own work processing rebate claims. Rogers has always owned MAPS.

In November 2023, Jorns stole MAPS, not through fraud or artifice, but by physically removing Rogers and his team from being able to access and use it. Rogers was locked out of APS, he and his team were wrongfully terminated, independent contractor agreements were deliberately breached, wages wrongfully withheld, and other efforts taken to bully and intimidate Rogers and his team. Jorns continues to exercise exclusive dominion over MAPS, barring Rogers from accessing it and continuing to profit from the theft. Defendants/Counterclaimants want MAPS back, for any monies accrued by Jorns because of the theft, and for other damages.

3

Rogers and WCMS are also asking the court to establish a constructive trust consisting of all past and future monies accrued by Jorns from using MAPS. Defendants/Counterclaimants also seek punitive damages.

**COMPLEXITY OF THE CASE** —

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE** —

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**INITIAL DISCLOSURES** —

The parties have not yet complied with initial disclosure exchanges as required by U.S.D.C.L.R. 26.1(b), but shall do so in due course.

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1(c).

**PROPOSED ORDERS** —

All proposed orders regarding motions filed in this matter should be submitted to Judge Rankin's chambers in a Word format and emailed to wyojudgekhr@wyd.uscourts.gov.

**AMENDMENT TO THE PLEADINGS** —September 6, 2024

Any motions to amend the pleadings shall be filed on or before September 6, 2024.

**EXPERT WITNESS DESIGNATION** —

**Plaintiff/Counter Claimant Designation Deadline — December 16, 2024**

**Defendant/ Counter Defendant Designation Deadline — February 3, 2025**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff/Counter Claimant shall designate expert witnesses and provide the opposing party with a complete summary of the testimony of each expert by December 16, 2024. Plaintiff's/Counter Claimant's designation shall include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness. In accordance with U.S.D.C.L.R. 26.1(e), Defendant/Counter Defendant shall designate expert witnesses and provide the Plaintiff/Counter Claimant with a complete summary of the testimony of each expert by February 3, 2025. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions fourteen (14) days prior to the final pretrial conference.

The parties shall serve upon one another, and file with the Court, their written expert and summary reports pursuant to Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure.

In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert

witness, the party calling that witness shall designate that medical or mental health provider as an expert witness.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES — February 24, 2025**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before February 24, 2025. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — March 26, 2025**

The discovery cutoff date is March 26, 2025. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the

limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

    **Filing Deadline – March 26, 2025**

    **Response Deadline – April 9, 2025**

    **Reply Deadline – April 16, 2025**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is March 26, 2025. The parties shall file responsive briefs and materials on or before April 16, 2025, with any replies due by April 16, 2025. The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

If a dispositive motion or *Daubert* challenge is filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

**STIPULATIONS AS TO FACTS — April 30, 2025**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by April 30, 2025.

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

**MOTIONS IN LIMINE —**

    **Filing Deadline – April 30, 2025**

    **Response Deadline May 7, 2025**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than April 30, 2025. Responses shall be filed no later than May 7, 2025. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — May 20, 2025, at 2:00 p.m.**

A final pretrial conference in this matter has been scheduled for 2:00 p.m. on May 20, 2025, at the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming before the Honorable Kelly H. Rankin. Counsel for the parties shall appear in person.

Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed final pretrial order prepared for Judge Rankin's signature in the format provided on the District Court Website under civil forms. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Rankin's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Rankin's chambers (but not filed) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the

instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

Copies of all exhibits as to where there may be objections must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

**A. Marking of Exhibits:** All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

**B. Elimination of Duplicate.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

**C. Copies for the Court.** Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

EXHIBIT LISTS — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived. The order of exhibits shall not be altered or "shuffled" once submitted.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

For detailed instructions on how counsel should format and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information (JERS) section at https://www.wyd.uscourts.gov/attorneys. The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of seven (7) days prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif

- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS** —

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

In bench trials, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. Witness statements shall be prepared and used at trial in accordance with Judge Rankin's Procedure for Presentation of Direct Testimony by Witness Statement, which is available on the Court's website under forms or by contacting Judge Rankin's chambers.

**BENCH TRIAL — June 9, 2025**

A bench trial is set before the Honorable Kelly H. Rankin for 9:00 a.m. on June 9, 2025, in Cheyenne, Wyoming, and is expected to last 5 days. This case is stacked #1 on the Court's docket. U.S.D.C.L.R. 40.1(a).

**SETTLEMENT POSSIBILITIES** —

The settlement possibilities of this case are considered by the undersigned Judge to be poor.

Dated this <u>16th</u> day of May, 2024.

_____
Kelly H. Rankin
United States District Judge