IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JORNS & ASSOCIATES LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-247-KHR |
| | ) | |
| WCMS MEDIA LLC and JESS E. ROGERS, SR., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties for a Protective Order pursuant to Fed. R. Civ. P. 26(c) that trade secret and other confidential information be disclosed only in designated ways:

1.    **Scope**. All documents, electronically stored information, data, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning Confidential and Highly Confidential AEO Information and Items as defined below. This Order shall apply to any named party to this action (including without limitation all of its officers, directors, employees, retained experts, counsel (and their support staff)) and others as specified herein. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain and obtained from the public domain or from publicly available records at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not

1

involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure if the information was obtained lawfully and under no obligation of confidentiality of the Designating Party. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Any use of Protected Material at trial shall be governed by a separate agreement or order.

2.      **Definitions**.

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that contain nonpublic confidential, proprietary, commercially sensitive, or trade secret information, the disclosure of which could result in detriment to the Producing Party. Such CONFIDENTIAL materials may comprise or contain, but are not limited to: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (4) business relationship information (such as information pertaining to potential or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); (5) technical information (such as research and development information, lab notebooks, schematics, block diagrams, system level engineering documents, source code, and inventor notebooks or files); (6) information pertaining to products or services and product or service development efforts,

2

concepts, or plans; and (7) computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

2.3    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO."

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Retained Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, has no intentions or plans to become an employee of a Party or of a Party's competitor.

2.6    "HIGHLY CONFIDENTIAL AEO" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which could create a substantial risk of serious injury to the business or competitive interests of the Producing Party. Such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials may comprise or contain, but are not limited to: (1) highly sensitive technical information relating to research for and production of current products or services, including but not limited to source code, calculations, methods, and strategies; (2) technical, business, and research information regarding future products; (3) highly

sensitive financial information and bank records; (4) highly sensitive marketing plans; (5) highly sensitive forecasts; (6) customer lists; (7) pricing data and cost data; (8) customer orders and customer quotations; and (9) highly sensitive customer information and data.

2.7    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8    Party: any party to this action, including all of its officers, directors, and employees.

2.9    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO."

2.12    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    Duration. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

      4.    **Designating Protected Materials**.

      4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designated information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

a)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b)      <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is

6

entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party shall have the right to have up to 21 days after the deposition to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who (if required) have signed the "Acknowledgement and Agreement to Be Bound" are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL AEO" in its entirety

unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Any party that inadvertently or unintentionally produces Discovery Materials without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO" may request destruction of that Discovery Material by notifying the Receiving Party(ies), within five (5) business days after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Discovery Materials that are properly designated. The Receiving Party(ies) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. However, to the extent any such documents, information or material derived from such Protected Material contains attorney work product or the like, such documents, information or material may be maintained by Counsel provided Counsel does not disclose such

documents, information or material to anyone excluded from the persons allowed to see Protected Material under this Order.

5.    **Challenging Confidentiality Designations**.

5.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).

5.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties must abide by the referred magistrate judge's procedures with regarding to discovery disputes, in accordance with the Case Management Order (Doc. 24).

The burden of persuasion in any challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.   **Access to and Use of Protected Information**.

6.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

6.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)   the Receiving Party's counsel in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

b)   the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c)   Retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store electronic Protected Material containing source code in password-protected form (with the Receiving Party selecting/implementing the password-protection). It shall be the responsibility of the Disclosing Party to make such a request in writing, and which request shall identify the specific document(s) or file(s) requiring password protection.

d)      the court and its personnel;

e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f)      during their deposition, witnesses in the action to whom disclosure is reasonably necessary; unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

g)      a person to whom it is reasonably necessary to disclose the information for this litigation and where such person is the author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed or knew the information.

6.3      Disclosure of "HIGHLY CONFIDENTIAL AEO" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL AEO" only to:

a)      the Receiving Party's counsel in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

b)      Retained Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound";

c)      the court and its personnel;

d)       court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound"; and

e)       a person to whom it is reasonably necessary to disclose the information for this litigation and where such person is the author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed or knew the information and such person has signed the "Acknowledgement and Agreement to Be Bound."

6.4      <u>High-Level Summaries</u>. Notwithstanding the provisions of this Order, counsel for a Party that is a corporation or other type of business entity may provide high level summaries or characterizations of the evidence in this litigation to individuals employed by the Party who have responsibility to make decisions regarding the defense or settlement of this litigation. These high-level summaries or characterizations shall not disclose the precise contents of any Protected Material to any person not otherwise authorized under the terms of this Order to receive it. Nothing in this order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this litigation and, while rendering such advice, from relying upon his or her examination or knowledge of Protected Material.

7.       **Protected Material Subpoenaed or Ordered Produced in Other Litigation**.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO" that Party must:

a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.    **A Non-Party's Protected Material Sought to Be Produced in This Litigation**.

a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL AEO." Such information produced by Non-Parties in connection with this litigation is

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary,

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.      **Unauthorized Disclosure of Protected Material**.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use commercially reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound."

10.     **Inadvertent Production of Privileged or Otherwise Protected Material**.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.    **Miscellaneous**.

11.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with this Court's local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to this Court's local rules is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

12.    **Final Disposition**.

Within 60 days after the final disposition of this action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

16

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected the Material that was returned or destroyed and (2) affirm that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 3.

The Parties and all signatories to the Acknowledgement and Agreement to be Bound attached hereto as **Exhibit 1** agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Protected Material under the terms herein.

Dated this 26th day of August, 2024.

Stipulated to by:

By: */s/ Zane A. Gilmer*
    Zane A. Gilmer (Wyoming Bar #7-4545)
    **STINSON LLP**
    1144 Fifteenth Street, Suite 2400
    Denver, Colorado 80202
    Phone: 303-376-8416
    Fax: 303-578-7966
    zane.gilmer@stinson.com

*Attorneys for Plaintiff and Counterclaim-Defendant*

By: */s/ Steven Fried*
    Paula Fleck (Wyoming Bar #6-2660)
    Erik J. Adams (Wyoming Bar #8-6953)
    **HOLLAND & HART LLP**
    645 S. Cache Street, Suite 100
    P.O. Box 68
    Jackson, WY 83001
    Telephone: (307) 739-9741
    Facsimile: (307) 739-9744
    pfleck@hollandhart.com
    ejadams@hollandhart.com

    Steven Fried (Admitted Pro Hac Vice)
    954 Lexington Avenue #1051
    New York, NY 10021
    (917) 280-2468
    sfried@olyverapp.com

*Attorneys for Defendants and Counterclaim Plaintiffs*

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: _____, 2024

                    _____
                    KELLY H. RANKIN
                    UNITED STATES DISTRICT COURT JUDGE

## **EXHIBIT 1**

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type

full name], of _____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order was issued by the United States District Court for the District of

Wyoming on _____ in the case of *Jorns & Associates LLC v. WCMS Media*

*LLC et al.*, Case No. 2:23-cv-247-KHR. I agree to comply with and to be bound by all terms of

this Stipulated Protective Order and I understand and acknowledge that failure to comply could

expose me to sanctions and punishment in the nature of contempt as well as other civil liability. I

solemnly promise that I will not disclose in any manner any information that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Wyoming for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Address: _____

_____

Signature: _____